**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **WILLIAM JENNINGS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 18-00090-KD-B** |
| ) | |
| **MISS GERALINE, LLC,** ) | |
| ) | |
| **Defendant.** ) | |

**ORDER**

This action is before the Court on Plaintiff William Jennings' Motion to Amend wherein he seeks leave of Court to file a Second Amended Complaint for Damages, the response filed by Defendant Miss Geraline, LLC, and Plaintiff's reply (docs. 30, 37, 38).[1] Plaintiff, a Jones Act seaman, alleges that he was injured when a turtle excluder device came undone and fell on his shoulder. He alleges that the prior crew had not properly secured the device. He seeks leave to amend to add two additional claims of negligence. Specifically, to allege Defendant's negligent failure to comply with federal safety regulations and negligent failure to provide adequate cure.

Upon consideration, and for the reasons set forth herein, the motion is **GRANTED**[2] and Plaintiff shall file his Second Amended Complaint on or before **November 13, 2018.**

---

[1] Defendant requested oral argument. However, oral argument is not necessary for resolution of the motion.

[2] Defendant points out that Plaintiff named Dominic Seafood, Inc. as the Defendant on the proposed Second Amended Complaint (doc. 30-3). Plaintiff states that this is not an attempt to change the name of the defendant and submits that the only defendant is Miss Geraline, Inc. The docket indicates that Dominic Seafood, Inc., was the defendant in the initial complaint. Plaintiff's motion to amend to name Miss Geraline, LLC as the defendant was granted (docs. 9, 11). Plaintiff is reminded to identify the correct defendant in his Second Amended Complaint.

A. <u>Analysis</u>

At this stage in the litigation, and absent Defendant's written consent, Rule 15(a)(2) instructs the Court that it "should freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). Therefore, "unless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial[.]" *City of Miami v. Bank of America Corp.,* 800 F.3d 1262, 1286 (11th Cir. 2015) (citation omitted). The Court "may consider several factors when deciding whether to grant a motion to amend, including 'undue delay, bad faith or dilatory motive [on the part of the movant], repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1340–1341 (11th Cir. 2014) (citing *Equity Lifestyle Properties, Inc. v. Florida Mowing & Landscape Services, Inc*., 556 F.3d 1232, 1241 (11th Cir. 2009) (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962)); *Donley v. City of Morrow, Georgia,* 601 Fed. Appx. 805, 810 (11th Cir. 2015) (same).

The motion was timely filed on September 24, 2018, before the September 28, 2018 deadline for motions to amend the pleadings (doc. 19, Rule 16(b) Order). The docket does not indicate that Plaintiff engaged in any undue delay or bad faith, exhibited a dilatory motive, or repeatedly failed to cure deficiencies.  Discovery does not end until January 15, 2019. (*Id.*) Thus, the parties have sufficient time to conduct discovery, such that there should not be undue prejudice in that regard, should the two new allegations be allowed.

However, Defendant argues that allowing the amendment would be futile. Since futility is a factor for the Court to consider, it "may deny leave to amend a complaint if it concludes that the proposed amendment would be futile, meaning that the amended complaint would not

survive a motion to dismiss." *Christman v. Walsh,* 416 Fed.Appx. 841, 844 (11th Cir. 2011); *Cockrell v. Sparks,* 510 F.3d 1307, 1310 (11th Cir. 2007); *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999) (if the proposed amended complaint could not survive scrutiny under Rule 12(b)(6), then allowing the amendment would be futile and the motion for leave to amend should be denied); *Hatcher v. Alabama Dep't of Human Services*, - - - Fed. Appx. - - -, 2018 WL 4151171, at *2 (11th Cir. Aug. 29, 2018) ("'a district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile,' such as 'when the complaint as amended is still subject to dismissal'....") (citations omitted).

       To reach a decision, the Court must accept "the allegations in the complaint as true and constru[e] them in the light most favorable to the plaintiff." *Nunez v. J.P. Morgan Chase Bank*, 2016 WL 1612832, at *1 (11th Cir. Apr. 22, 2016) (quoting *Ironworkers Local Union 68 v. AstraZeneca Pharm.*, LP, 634 F.3d 1352, 1359 (11th Cir.2011)). "Even when assertions in a complaint are arguably ambiguous, they should be construed in the light most favorable to the plaintiff." *Id*. (citing *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1083–84 (11th Cir.2002). "To survive a motion to dismiss, a complaint need only contain sufficient facts, accepted as true, to 'state a claim to relief that is plausible on its face' and must 'raise a right to relief above the speculative level.'" *Id.,* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 555, 127 S.Ct. 1955, 1974 (2007). When applying the standard for a motion to dismiss, the court should "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Amer. Dental Ass'n v. Cigna Corp*., 605 F.3d 1283, 1290 (11th Cir. 2010) (internal quotation and citation omitted).

I. <u>Negligent failure to comply with federal safety regulations.</u>

Plaintiff seeks leave to amend to claim that Defendant negligently failed to comply with federal safety regulations. He seeks to add this claim because the captain testified that he allowed and permitted Plaintiff to work in an unsafe location "seated directly under a suspended load", when there was a safer location on the stern deck.  Plaintiff argues that with only a ninth-grade education, he should not be expected to know which federal safety regulations may apply. He also states that he retained a safety expert for an opinion regarding federal safety regulations and the expert report will be provided to defense counsel. (Doc. 38, p. 3).

Defendant argues that the amendment should not be allowed because Plaintiff did not allege the specific federal safety regulations; therefore, the allegation is facially insufficient and would be subject to dismissal on that ground.  Defendant also argues that the amendment should not be allowed because Plaintiff is now taking a position – that his injury was caused by a violation of a federal safety regulations - contrary to his own testimony.  Defendant points out that Plaintiff testified that he was unaware of anything that anyone on the vessel did wrong, that he was unaware of any procedure that was not followed, and that his injury was the result of a "freak accident". (Doc. 37, p. 6-8).

Admittedly, Plaintiff did not specifically allege which federal safety regulations may have been violated.  However, he alleges that the turtle excluder device fell on his shoulder and that the vessel's prior crew had not properly secured the device.  Even if ambiguous as to which federal safety regulations may apply, his allegations must be accepted as true and construed in the light most favorable to him.  Although scant, these allegations in the proposed second amended complaint contain sufficient facts, which if accepted as true, state a plausible claim to relief – that safety regulations may have been violated by the prior crew's failure to secure the

4

device - and raise his claim above the speculative level.

II. <u>Failure to provide adequate cure</u>

Plaintiff seeks leave to amend to add a claim that Defendant negligently failed to provide adequate cure and to add a claim for punitive damages for failure or refusal to pay maintenance and cure (doc. 30, doc. 30-1). In support, Plaintiff argues the doctor provided by the Defendant initially made a referral for an orthopedic evaluation, but Defendant failed to arrange it, and therefore, he resumed his deckhand duties without benefit of the evaluation.  Plaintiff argues that this failure is "critical in this case", if the surgeon who later performed his shoulder surgery, testifies that his shoulder damage was aggravated or worsened by returning to work (doc. 38, p. 2).  Plaintiff also argues that he never acknowledged that he had reached maximum medical improvement (MMI), but instead testified only that the doctor provided by the Defendant had told him "something about MMI" (doc. 38, p. 2).[3]  Plaintiff argues that he has not reached MMI, but instead, in the opinion of his orthopedic surgeon, he is in need of additional treatment and evaluation. (Id.).

Defendant argues that the amendment should not be allowed because Plaintiff testified that he had reached MMI.  Defendant also argues that Plaintiff "has not provided sufficient evidence that further medical treatment would improve" his injury and that under established maritime law, Plaintiff's "claim that he is entitled to additional cure payments after he has reached [MMI] is legally insufficient and cannot withstand a motion to dismiss" (doc. 37, p. 6).

As previously stated, the Court must accept "the allegations in the complaint as true and constru[e] them in the light most favorable to the plaintiff."  *Nunez*, 2016 WL 1612832, at *1.

---

[3] "Q. And he told you that you were at maximum medical improvement at that point? A. He said something about MMI, yes." (doc. 37, p. 3).

And the proposed amended complaint "need only contain sufficient facts, accepted as true, to 'state a claim to relief that is plausible on its face' and must 'raise a right to relief above the speculative level.'" *Id.* (citation omitted).  Doing so, the Court finds that Plaintiff has sufficiently alleged his claim that Defendant negligently failed to provide adequate cure and to claim entitlement to maintenance and cure.  Plaintiff alleges in the proposed second amended complaint that he was injured when the turtle excluder device fell on him while he was working on board the vessel. He alleges that the device was not properly secured.  He also alleges that he "suffered serious injuries to his shoulder as well as other injuries" and "suffered mental and physical injuries" as a result of Defendant's negligence and failure to provide a reasonably safe place to work (doc. 30-3).  The parties' disagreement as to whether Plaintiff has reached MMI does not implicate the sufficiency of his allegations in the proposed second amended complaint.

B. <u>Conclusion</u>

Since the Court has not ascertained any substantial reason to deny Plaintiff's motion, the interests of justice indicate that it should be granted. *See Borden, Inc. v. Florida East Coast Ry. Co.,* 772 F.2d 750, 757 (11th Cir. 1985) ("There is a strong policy embodied in the Federal Rules of Civil Procedure, and Rule 15 particularly, favoring the liberality of amendment").  Accordingly, the motion is **GRANTED** and Plaintiff shall file his second amended complaint on or before **November 13, 2018.**

**DONE** and **ORDERED** this 6th day of November 2018.

 **s / Kristi K DuBose**
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**

6